**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4977**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

CHAUNCEY LAMONT RANDOLPH,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:13-cr-00285-CCE-1)

Submitted:  July 29, 2014          Decided:  July 31, 2014

Before NIEMEYER, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William S. Trivette, Greensboro, North Carolina, for Appellant. Timothy Nicholas Matkins, Special Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chauncey Lamont Randolph pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2012). The district court sentenced Randolph in the middle of his Guidelines range to 100 months' imprisonment. On appeal, Randolph's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but questioning the substantive reasonableness of Randolph's sentence. Randolph has not filed a pro se supplemental brief, despite notice of his right to do so. We affirm.

We review Randolph's sentence for reasonableness, applying a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). When reviewing a sentence for substantive reasonableness, we examine the totality of the circumstances and, if the sentence is within the properly-calculated Guidelines range, apply a presumption on appeal that the sentence is substantively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 216–17 (4th Cir. 2010). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the [18 U.S.C.] § 3553(a) [(2012)] factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

On appeal, Randolph's counsel argues that Randolph's sentence is unreasonable because it is greater than necessary to accomplish the goals of § 3553(a). We conclude that Randolph has failed to overcome the appellate presumption of reasonableness afforded his sentence. In arguing for a downward variance at sentencing, defense counsel pointed out to the court the impact of a single misdemeanor on Randolph's Guidelines range. Counsel further informed the court that Randolph would seek employment in the culinary field upon release. The district court acknowledged counsel's arguments, but concluded that a sentence in the middle of the Guidelines range was appropriate "in order to protect the public," "to reflect the seriousness of the offense," and in light of Randolph's "long criminal record." Given the presumption of reasonableness that attaches to a within-Guidelines sentence, we find no abuse of discretion in the district court's decision not to vary downward and to impose a sentence in the middle of the Guidelines range.

In accordance with <u>Anders</u>, we have reviewed the entire record and find no other meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires counsel to inform Randolph, in writing, of his right to petition the Supreme Court of the United States for further review. If Randolph requests that a petition be filed but counsel believes such a petition would be frivolous, counsel

3

may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Randolph. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED